IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1997 SESSION

FILED

March 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

DARIS BARRETT,                          )
                                        )       C.C.A. NO. 02C01-9612-CR-00474
        Appellant,                      )
                                        )       SHELBY COUNTY
VS.                                     )
                                        )       No. P-16662 Below
STATE OF TENNESSEE,                     )
                                        )       AFFIRMED - RULE 20
        Appellee.                       )


## ORDER


The petitioner, Daris Barrett, appeals the order of the Shelby County Criminal Court denying his petition for post-conviction relief after an evidentiary hearing. Petitioner was indicted with one (1) count of first degree murder and one (1) count of conspiracy to commit first degree murder. Pursuant to a negotiated plea agreement, petitioner entered a guilty plea to one (1) count of second degree murder and one (1) count of conspiracy to commit first degree murder. He received concurrent sentences of 35 years as a Range II offender for the murder charge and 15 years as a Range I offender for the conspiracy charge. On appeal, petitioner claims that he received ineffective assistance of trial counsel and that his guilty plea was not knowingly, intelligently and voluntarily entered.

The post-conviction court entered extensive written findings of fact in its order denying relief. Among these findings were that the petitioner "freely and voluntarily" entered his plea of guilty and understood the ramifications of entering a guilty plea. The trial court further found that trial counsel thoroughly investigated the case, in spite of petitioner's lack of cooperation. Furthermore, the trial court found that trial counsel negotiated "an extremely favorable guilty plea settlement for his client." As a result, the trial court found that trial counsel met the standards of competency demanded by an attorney in a criminal case pursuant to Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975).

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1995). We find that the evidence in the record does not preponderate against the trial court's findings.

It is, therefore, ORDERED that the judgment of the trial court is affirmed in accordance with Tennessee Court of Criminal Appeals Rule 20. Costs shall be taxed to the state, as it appears petitioner is indigent.

_____
**JERRY L. SMITH, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**CURWOOD WITT, JUDGE**